Robert S. Arns, State Bar No. 65071
Morgan C. Smith, State Bar No. 168146
**THE ARNS LAW FIRM**
A Professional Corporation
515 Folsom Street, 3rd Floor
San Francisco, California 94105
Phone: (415) 495-7800
Fax: (415) 495-7888

Attorneys for Plaintiffs
ROBERT CLICK AND MARIE CLICK

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CLICK and MARIE CLICK, <br><br> Plaintiffs, <br><br> vs. <br><br> DORMAN LONG TECHNOLOGY, LIMITED et al., <br><br> Defendants. | USDC Case No: C 06 1936 PJH <br><br> **FURTHER STIPULATION AND ~~PROPOSED~~ ORDER EXTENDING TIME TO RESPOND TO UNVERIFIED COMPLAINT FOR DAMAGES, AND CONTINUING CASE MANAGEMENT CONFERENCE AND RELATED DATES AND REQUESTING IMMEDIATE ASSIGNMENT TO A JUDGE MAGISTRATE FOR MEDIATION** |

This stipulation is made by and between plaintiffs Robert Click and Marie Click ("plaintiffs") and defendant Dorman Long Technology Limited ("DLT"), by and through their respective attorneys of record, The Arns Law Firm and Thelen Reid & Priest, LLP.

**RECITALS**

The stipulation is based on the following facts:

1. DLT was served with plaintiffs' Unverified Complaint for Damages and Demand for Jury Trial ("the Complaint") on or about April 27, 2006.

2. At the time DLT was served with the Complaint, DLT was already a party defendant to plaintiffs' first complaint, Case No. 05-03037 PJH.

3. The Court granted DLT's motion to dismiss on September 6, 2006, finding that the first complaint, Case No. 05-03037 PJH, was duplicative of the Complaint in the subject action.

4. The parties previously stipulated that DLT had until December 18, 2006 to answer the Complaint in the subject action.

5. The parties agree that DLT is granted a further extension up to and including January 25th, 2007 to answer the Complaint in the subject action.

6. This case was originally mediated with Michael Traynor as the assigned mediator on September 19, 2006.  This mediation was successful in that a proposed settlement was offered by defendant DLT that plaintiff would be willing to accept.

7. However, since plaintiff is covered under the Longhore and Harbor Workers Act, the Longshore carrier must approve any third party settlement in writing <u>before</u> plaintiff is allowed to settle the case. (*See* 33. U.S.C. §935.)  Therefore, plaintiff cannot fully settle the case without the permission and agreement of this carrier, which is National Union Fire Insurance Company, represented by the law offices of ADELSON, TESTAN, BRUNDO & POPALARDO.

8. As soon as the proposed settlement was made by defendant DLT, counsel for plaintiff immediately contacted Michael Jonescu at the ADELSON office seeking resolution of the lien held by National Union Fire Insurance Company. Counsel for plaintiff called this office a number of times to follow up, and obtained no response. Counsel for plaintiff was then was told that Mr. Jonsescu was no longer with the firm and was told to speak to Mr. John Rutan, who was taking over the file but did not know anything about the case. Upon further calls to the office, counsel for plaintiff was told that Mr. Davil Vasquez was handling the matter. Mr. Vasquez has been helpful in responding to the issue, but after a month, appears no closer to obtaining settlement authority from his carrier than the others.

9. Counsel for plaintiff believes the only way to finish the settlement of this case is to have the court assign this matter to a magistrate judge for mediation as soon as possible. The parties stipulate that defendant DLT is not required to have any representative of the company present for the mediation other than their attorney of record, as the issue is between plaintiff and the Longshore/workers compensation carrier.

7. This case currently has a case management conference set for December 21, 2006 at 2:30 p.m. In light of the further extension DLT has to answer the Complaint, it is stipulated that the case management conference is continued to January 25th at 2:30 p.m.

9. The joint case management conference statement shall be due on January 16th, 2007.

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

Dated: December 14, 2006

                THELEN REID & PRIEST LLP

                By    /s/ Lynn R. Fiorentino
                    Paul V. Lankford
                    Lynn R. Fiorentino
                    Attorneys for Defendant
                    DORMAN LONG TECHNOLOGY LIMITED

Dated: December 14, 2006

                THE ARNS LAW FIRM

                By    /s/ Morgan C. Smith
                    Morgan C. Smith
                    Attorneys for Plaintiffs
                    ROBERT CLICK and MARIE CLICK

# [~~PROPOSED~~] ORDER

PURSUANT TO THE ABOVE STIPULATION, IT IS SO ORDERED as follows:

1. The parties to this action are hereby ordered to mediation before a court designated Magistrate Judge at the earliest available date. The court further orders that a representative of National Union Fire Insurance Company with the authority to settle its lien, and their counsel ADELSON, TESTAN, BRUNDO & POPALARDO, be present at the mediation, or face its lien being ordered void by a ruling of this court.

2. A company representative for defendant DLT need not be present at the mediation in light of the pending settlement offer. However, counsel for DLT shall be present to confirm any settlement on the record.

3. The case management conference scheduled for December 21, 2006 shall be continued until January 25th at 2:30 p.m.

4. The joint case management conference statement shall be due on January 16th, 2007.

5. Defendant DLT shall have an extension of time to answer to the complaint through January 25th, 2007.

Dated: 12/15/06  _____



_____
The Honorable Phyllis J. Hamilton
United States District Judge